# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **TRAHAN MANAGEMENT L L C** | **CASE NO. 2:22-CV-00065** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AMGUARD INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is a Motion to Have the Requests for Admissions to Plaintiff Deemed Admitted [doc. 17] filed by defendant AmGuard Insurance Company. Plaintiff opposes the motion. Doc. 20.

### I.
#### BACKGROUND

This suit arises from damage to plaintiff's commercial properties in Jennings, Louisiana, during Hurricane Laura and Hurricane Delta. At all relevant times the properties were insured under a policy issued by AmGuard. Plaintiff alleges that AmGuard failed to timely or adequately pay for its covered losses. Accordingly, it filed suit in this court on January 7, 2022, raising claims of breach of insurance contract and bad faith. Doc. 1. The case proceeded through the court's Case Management Order for first-party insurance claims arising from the hurricanes but did not resolve. By scheduling order dated July 15, 2022, it was set for jury trial before the undersigned on August 14, 2023. Doc. 11.

On July 29, 2022, AmGuard served discovery, including requests for admission ("RFAs"), on plaintiff. Doc. 17, att. 2. These included requests that plaintiff admit (1) that they had not submitted satisfactory proof of loss; (2) that AmGuard had not delayed in its handling of plaintiff's claims; (3) that AmGuard had paid all undisputed claims for covered damages; and (4) that damage to the interior drywall and brick veneer at one of the properties is not covered under the policy. *Id.* Plaintiff did not respond to the RFAs within the deadlines set forth under law, however.

Plaintiff's counsel withdrew on September 14, 2022, after going on disability status. Docs. 12, 13. Another attorney from the same firm took over the matter and had a telephone conference with defense counsel on May 5, 2023, to discuss discovery responses. Doc. 20, att. 2. After that call defense counsel memorialized their agreement "to allow until May 19, 2023 for Plaintiff to provide answers and responses to our discovery requests." *Id.* Plaintiff provided responses on May 16, 2023. Doc. 20, att. 3. Defense counsel then filed a motion to deem the RFAs admitted based on plaintiff's failure to timely respond. Doc. 17.

## II.
## LAW & APPLICATION

Under Federal Rule of Civil Procedure 36(a), requests for admission are deemed admitted if not answered in 30 days. *Murrell v. Casterline*, 307 F. App'x 778, 780 (5th Cir. 2008) (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)). If the request concerns an essential issue, the failure to respond can lead to summary judgment against the non-responding party. *Hill v. Brezeale*, 197 F. App'x 331, 336 (5th Cir. 2006). Good cause for failure to respond is not a defense under Rule 36. *Sandoval v. ASTI Home Care, LLC*, 2019

WL 13273161, at *2 (W.D. Tex. June 24, 2019). The rule is, by its terms, self-operating. *Truck Parts and Servs., Inc.*, 2009 WL 586719, at *1 (N.D. Miss. Mar. 5, 2009). The court, however, may strike admissions and allow for their amendment under Rule 36(b). Striking an admission is warranted if the action would (1) promote the presentation of the merits of the action and (2) not unduly prejudice the other party. *Sandoval*, 2019 WL 13273161 at *2 (citing Fed. R. Civ. P. 36(b)).

Permitting the withdrawal of the admissions allows the parties to present the merits, which are contested in this matter. The admissions "directly bear on the merits of the case" and "go directly to the ultimate question" of breach of contract and bad faith. *Khanzai v. Bush*, 2016 WL 5394268, at *1 (S.D. Tex. Sep. 27, 2016) (internal quotations omitted). There is likewise no undue prejudice to AmGuard, which has already proceeded through the CMO and has permitted an extension of discovery responses. Accordingly, the court will permit the withdrawal of admissions and the amendment of responses by way of plaintiff's May 2023 submission.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion [doc. 17] be **DENIED AS MOOT**. Although the RFAs were deemed admitted at the time the response deadline expired, the court permits their withdrawal and amendment with the responses supplied by plaintiff in accordance with the parties' discovery conference.

**THUS DONE AND SIGNED** in Chambers on the 6th day of July, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**