UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**TRAHAN MANAGEMENT L L C**     **CASE NO. 2:22-CV-00065**

**VERSUS**     **JUDGE JAMES D. CAIN, JR.**

**AMGUARD INSURANCE CO**     **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 16] filed by defendant AmGuard Insurance Company ("AmGuard"). Plaintiff opposes the motion. Doc. 21.

## I.
### BACKGROUND

This suit arises from damage allegedly inflicted by Hurricane Laura and Hurricane Delta, which made landfall in Southwest Louisiana on, respectively, August 27 and October 9, 2020, on a commercial building owned by plaintiff in Jennings, Louisiana. Doc. 1. Plaintiff alleges that the property was insured at all relevant times under a policy issued by AmGuard, and that AmGuard failed to timely or adequately compensate them for covered losses under the policy. *Id.* Accordingly, it filed suit in this court on January 7, 2022, raising claims of breach of contract and bad faith under Louisiana law. *Id.*

The case proceeded through the streamlined settlement process outlined in the court's Case Management Order ("CMO") but did not resolve. Doc. 10. It is now set for jury trial on August 14, 2023. Doc. 11. AmGuard has filed the instant motion for summary judgment, seeking dismissal of "those specific claims demanding insurance coverage

payments relating to alleged losses to the Covered Property's brick veneer, mortar joints, interior wall and/or interior ceilings . . . ." Doc. 16. Plaintiff opposes the motion. Doc. 21.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

AmGuard's motion is based in large part on requests for admission that were deemed admitted by plaintiff's failure to timely respond. The court, however, has found good cause to vacate those admissions. AmGuard also relies on the testimony of its own expert to show that its damages estimates were correct, and asserts that the testimony of plaintiff's public adjuster is not entitled to the same weight on causation. Plaintiff has produced evidence in the form of an affidavit from its owner and the appraisal award and

panel estimate reflecting potential serious and structural damage to the building at issue, including drywall damage. Doc. 21, atts. 1 & 2. This contradicts the opinion of defense expert [doc. 16, att. 4] that the signs he observed with the property were unrelated to the tree that fell on the building during Hurricane Laura. Accordingly, plaintiffs have shown a genuine issue of material fact as to coverage.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 16] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 10th day of July, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE